Sinnott, Judge,
delivered the opinion of the court:
Plaintiff seeks to recover the sum of $19,137.18 claimed to have been paid by him in excess of his proper income tax for the calendar year 1919. The controversy herein involves the contract of August 19, 1919, set forth in Finding IV. It is the contention of plaintiff that said contract does not express the true agreement of the parties thereto; that the real agreement between him and Kaltenbach & Stephens, Inc., contemplated a sale of his secret process for weighting-silk to said corporation for the sum of $1,000,000. The Government contends that said contract does not effect the sale of the process, but is merely a license to use it so that the *576 payments received by plaintiff thereunder are income and not realization upon capital.
The contract on its face clearly shows it to be a license for the use of plaintiff’s process. There is no' ambiguity in the language of the contract. It is clearly expressed, was drafted by plaintiff’s uncle, who, as the testimony shows, was a man of wide business experience and familiar with contract forms. The agreement was the subject of repeated conferences between plaintiff and the officials of the corporation. The plaintiff read the contract before signing it. He was about •34 years of age at the time, and appears from the evidence to be a person of unusual intelligence, with a rare facility for expressing himself in well-chosen language.
We have carefully reviewed the testimony and are not .satisfied that plaintiff’s contention that the contract in question does not express the true agreement of the parties, is well founded. We have reached the conclusion that the ruling of the Commissioner of Internal Revenue was correct. It is therefore ordered and adjudged that plaintiff’s petition be dismissed.
Geeen, Judge; Moss, Judge; Geaham, Judge; and Booth, •Chief Justice, concur.